THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TERESA WHITE, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Case No. 5:17-cv-02004 |
| v. | Judge Benita Y. Pearson |
| EDWARD D. JONES CO., L.P., dba EDWARD JONES, | |
| Defendant. | |

ORDER APPROVING SETTLEMENT,
SERVICE AWARD, AND ATTORNEYS' FEES AND COSTS

[Resolving ECF No. 26}

The above-entitled matter came before the Court on the Parties' Joint Motion for Approval of Settlement, Service Award, and Attorneys' Fees and Costs ("Motion for Settlement Approval"). After having fully and carefully reviewed the Joint Motion for Settlement Approval, the supporting Memorandum of Law in Support of the Motion for Settlement Approval, the proposed confidential Joint Stipulation and Release ("Settlement Agreement"), and the Declaration of Shannon M. Draher ("Draher Decl.") and supporting declarations and exhibits, the Court hereby finds, for the good cause shown, that the Settlement Agreement was negotiated at arm's length by the parties, and that the Settlement Agreement is a fair, equitable, and reasonable resolution of a *bona fide* dispute in contested litigation; the Court hereby ORDERS that:

 1. The Settlement Agreement is APPROVED as a fair, equitable, and reasonable resolution of a *bona fide* dispute in this contested litigation. The form of the Notice of

Settlement and Opportunity to Join Collective Action (attached as Exhibit B to the Settlement Agreement) is also APPROVED.

2. Moreover, the formula for distribution of settlement payments set forth in the Settlement Agreement is APPROVED as a fair, equitable, and reasonable measure for distributing the settlement payment by Defendant Edward D. Jones Co., L.P., dba Edward Jones ("Edward Jones") to Named Plaintiff and Eligible Settlement Collective Members.

3. Solely for purposes of the Settlement, this case is certified as a collective action under Section 16(b) of the Fair Labor Standards Act (FLSA) defined as follows:

> Any individual who was employed by Edward D. Jones Co., L.P., dba Edward Jones, as a Branch Office Administrator ("BOA"), or other similar title, worked overtime, and received Financial Advisor ("FA") shares of Branch Profitability Bonuses, Firm matches of FA shares of Branch Profitability Bonuses, and Firm adjustments of FA shares of Branch Profitability Bonuses attributable to the periods in which the BOA worked overtime at any time from September 22, 2014 through the date of this Order.

4. Nilges Draher, LLC is appointed as Class Counsel for the FLSA collective action.

5. The attorneys' fees and costs, the service award, and the payments to Named Plaintiff and Eligible Settlement Collective Members, in the amounts set forth in the Settlement Agreement, are APPROVED; Edward Jones is hereby ORDERED to pay Named Plaintiff, Eligible Settlement Collective Members, and Class Counsel in accordance with and subject to the terms of the Settlement Agreement.

6. The Court hereby approves the forms of releases to be signed by Eligible Settlement Collective Members in order to participate in the Settlement and opt into this litigation.  For any Eligible Settlement Collective Member, endorsing and cashing the Settlement Check shall constitute the Eligible Settlement Collective Member's election to opt into this litigation as well as an enforceable release for any federal, state or local wage-and-hour claim the

Eligible Settlement Collective Member has or may have arising before the date of this Order against Edward Jones, and its affiliates, parents, subsidiaries, predecessors, successors, partners, principals, employees and agents, whether known or unknown, under any federal, state, or local law or regulation or common law.

7. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any other proceeding as evidence:  (a) that any group of similarly situated or other employees exists to maintain a collective action under the Fair Labor Standards Act, or a class action under Rule 23 of the Federal Rules of Civil Procedure, or comparable state laws or rules, (b) of an adjudication of the merits of this case, (c) an adjudication of any of the matters released in the Settlement Agreement or through an Eligible Settlement Collective Member's endorsing and cashing of a Settlement Check, (d) that any party has prevailed in this case, or (e) that Edward Jones or other released parties have engaged in any wrongdoing.

8. This case is dismissed without prejudice, with leave to reinstate on or before 180 days after the first Settlement Notices are sent pursuant to the terms of the Settlement and in the event a motion to reinstate is not filed on or before 180 days after the first Settlement Notices are sent, the case shall be deemed, without further order of the Court, to be dismissed with prejudice.

9. The Court will retain jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement, including for overseeing the distribution of settlement funds. *See Kokkohnen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994) (providing that a district court must indicate in its dismissal order that it retains continuing jurisdiction regarding the settlement agreement).

10. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this 24th day of April, 2018

*/s/ Benita Y. Pearson*

Honorable Benita Y. Pearson
United States District Judge
